# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

RENEE HADDOCK,

    Plaintiff

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

RENEE HADDOCK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its principal office located in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19124.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its principal office located at 507 Prudential Road, Horsham, Pennsylvania 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and repeatedly contacted Plaintiff in its attempts to collect a consumer debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and repeatedly contacted Plaintiff in its attempts to collect that debt.

12. The alleged debt, a Verizon cellular telephone bill, arose out of transactions that were primarily for personal, family, or household purposes.

13. As Plaintiff does not owe any business debt, any debt that Defendant was attempting to collect could only be personal in nature.

14. Beginning in or before March 2013, and continuing through August 2013, Defendant repeatedly and continuously called Plaintiff on her home telephone in an attempt to collect an alleged consumer debt.

15. Defendant called Plaintiff, on average, at least twice a day in its attempts to collect a debt.

16. At times, Defendant would call Plaintiff as much as four (4) times in a single day, causing Plaintiff to receive more than twenty (20) collection calls a month.

17. On numerous occasions, Plaintiff spoke with Defendant's collectors

and instructed them to stop calling, explaining that she was unemployed and did not have the money to pay the alleged debt.

18. Defendant, however, failed to update its records to stop the calls to Plaintiff.

19. Rather, Defendant persisted in calling Plaintiff about the debt, knowing that she did not want to be called and that she did not have the means to pay the debt.

20. Upon information and belief, when continuing to contact Plaintiff, Defendant did not possess any information that Plaintiff's financial situation had changed or that she had any employment prospects.

21. Further, when contacting Plaintiff on her home telephone, Defendant would call her at times when it was inconvenient for her to receive collection calls.

22. Specifically, Defendant would call Plaintiff before 8:00 a.m. and after 9:00 p.m.

23. For example, on August 28, 2013, Defendant called Plaintiff on her home phone at 7:50 a.m.

24. Additionally, in its attempts to collect a debt, on one occasion when Plaintiff spoke with Defendant, Defendant threatened to sue Plaintiff and obtain a judgment, and that she needed to make payment arrangements if she wanted to stop the legal process.

4

PLAINTIFF'S COMPLAINT

25. Upon information and belief, at the time Defendant threatened to sue Plaintiff and obtain a judgment, it did not intend to take any legal action against Plaintiff.

26. Rather, it made these false threats to take legal action believing that such statements may cause Plaintiff to make payment on the alleged debt.

27. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or request verification of the debt, as well as providing her with information regarding the creditor.

28. To date, Plaintiff has not received anything in writing from Defendant regarding the alleged debt.

29. By continuously and repeatedly calling about a debt, and failing to stop the calls to avoid the further harassment of Plaintiff after she instructed them to stop calling, calling at times when it was inconvenient for her to receive collection calls, threatening to take legal action, as well as failing to send Plaintiff written notification about his rights, Defendant engaged in conduct violative of the FDCPA.

# DEFENDANT VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

30. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

   b. Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after having been told to stop calling her home telephone, as well as calling her before 8:00 a.m. and after 9:00 p.m., as it was inconvenient for her to receive collection calls to this telephone number and at those times.

## COUNT II

31. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

32.

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by calling Plaintiff's home telephone multiple times a day, after having been told to stop calling and that Plaintiff did not have the financial means to pay the alleged debt, having the intent to annoy, abuse, and harass Plaintiff.

## COUNT III

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(5).

   a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

   b. A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

   c. Here, Defendant violated §§ 1692e and 1692e(5) of the FDCPA by threatening Plaintiff that it would file a lawsuit and obtain a judgment against her when it did not intend to take the threatened action.

## COUNT IV

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

   a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendants violated § 1692f of the FDCPA by failing to update its records to avoid the further harassment of Plaintiff after she instructed them to stop calling her.

## COUNT V

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a. A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of her rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with him.

WHEREFORE, Plaintiff, RENEE HADDOCK, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RENEE HADDOCK, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

Date: March 4, 2014          By: _____
                             CRAIG THOR KIMMEL
                             Attorney ID No. 57100
                             Kimmel & Silverman, P.C.
                             30 E. Butler Pike
                             Ambler, PA 19002
                             Phone: (215) 540-8888
                             Fax: (877) 788-2864
                             Email:   kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT